**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Mohamed Hasanien,

Plaintiff(s),

v.

Utility Mapping Services, P.C.,

Defendant(s).

Case No. 2:26-cv-00896-APG-NJK

**Order**

[Docket No. 22]

Pending before the Court is a stipulation to extend the discovery cutoff by 60 days, such that it expires after the early neutral evaluation. Docket No. 22.

Modifying unexpired case management deadlines requires a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4), Local Rule 26-3, which turns on whether the subject deadlines cannot reasonably be met through the exercise of diligence, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Case law abounds that a desire to engage in settlement discussions or alternative dispute resolution efforts does not amount to good cause to modify case management deadlines. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022) (collecting cases). In addition, nothing in the local rules governing the early neutral evaluation process suggests that it is intended to be a source of delay to discovery efforts or of deviation from established case management deadlines. *See* Local Rule 16-6.

The pending stipulation does not seek to extend the discovery cutoff on the ground it cannot be met through the exercise of reasonable diligence. The pending stipulation instead seeks relief because the parties stipulated to continue the early neutral evaluation such that it is now scheduled to take place after the discovery cutoff and the parties wish to avoid the cost of discovery on the chance that a settlement might be reached at the early neutral evaluation. *See* Docket No. 22 at 2. The Court is cognizant that discovery can be expensive, particularly for a small business. *See* *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602-03 (D. Nev. 2011). On the other hand, the Court's early neutral evaluation process is by no means the exclusive vehicle for parties to seek

settlement before incurring significant discovery costs. It is certainly not unusual for those facing the prospect of federal litigation to discuss settlement before a complaint is filed so as to avoid litigation all together. Litigants in employment cases, in particular, are also generally afforded settlement opportunities during the pre-litigation exhaustion process.[1] Once a complaint is filed, all litigants must discuss the prospects of settlement during their initial case management conference. *See* Fed. R. Civ. P. 26(f)(2). Hence, the parties have already enjoyed ample opportunity during the preceding months to settle this case as a means to avoid discovery costs.

Moreover, although the timing of the early neutral evaluation in this case is unfortunate, it is the result of the parties' own request for delay. Just a few weeks before the early neutral evaluation was set to take place, the parties asked for a continuance based on the generic reasoning that they required "additional time to prepare for a productive evaluation, exchange necessary information, and continue evaluating potential resolution." Docket No. 20 at 1. While Judge Albregts found such reasoning sufficient for the continuance, his calendar did not allow for the early neutral evaluation to be rescheduled before the discovery cutoff. *See* Docket No. 21. Judge Albregts' jam-packed calendar should have come as a surprise to no one. It has been the scenario for decades that federal judges are extremely busy handling extraordinary caseloads, *see, e.g.*, *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002) (explaining that the "resources of the federal judiciary . . . are strained to the breaking point"), and that magistrate judges are no exception, *see, e.g.*, *Mazzeo v. Gibbons*, 2010 WL 3020021, *1 (D. Nev. July 27, 2010) (Leen, J.) ("I am not the Maytag repairman of federal judges desperately hoping for something to do"). That caseload has <u>increased</u> in recent years.[2] This circumstance—and its impact on the ability to reschedule an early neutral evaluation in prompt fashion after a late extension request—has been made clear already to some of the same attorneys appearing in this case. *See Rodriguez v. Hilti,*

---

[1] Plaintiff here obtained a right to sue letter the day after filing charges, Docket No. 1 at ¶ 15, and then initiated this lawsuit two days later, *see* Docket No. 1 (notice of electronic filing).

[2] This increase in caseload is not exclusive to employment-related actions or to the attorneys currently before the Court, but it is notable that the law firm representing Plaintiff has initiated more than 200 cases within the last 22 months. Not surprisingly, the number of employment cases assigned to Judge Albregts (and each of the other magistrate judges in this District) has more than doubled from recent years.

*Inc.*, Case No. 2:26-cv-00818-MMD-MDC, Docket No. 27 at 1 n.1 (D. Nev. July 28, 2026) (advising that "the Court's calendar is exceptionally full in the coming weeks and months" such that another continuance request may not be accommodated); *see also, e.g.*, *Lopez v. AMPB Acquisition Corporation*, Case No. 2:26-cv-02211-APG-NJK, Docket No. 8 at 1 (D. Nev. July 29, 2026) (noting alarm at last-minute continuance requests, which "effectively deprive[] others of the Court's time"); *Abila v. Desert Orthopaedic Center, Ltd.*, Case No. 2:26-cv-00560-GMN-NJK, Docket No. 13 (D. Nev. July 6, 2026) (declining to reset early neutral evaluation given last-minute continuance request).

In short, the identified alternative dispute resolution efforts do not generally establish good cause to modify case management deadlines. The parties have had ample opportunity to discuss settlement. The fact that their request to continue the early neutral evaluation has resulted in it being scheduled to be held after the discovery cutoff does not warrant a months' long extension of the discovery cutoff. *Cf. Melendez v. United States*, Case No. 2:25-cv-00724-RFB-EJY, Docket No. 27 (D. Nev. Oct. 5, 2026).

Accordingly, the Court **DENIES** the stipulation to extend.

IT IS SO ORDERED.

Dated: October 23, 2026

Nancy J. Koppe
United States Magistrate Judge